ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
SUSAN J. DE WITT (Cal. Bar No. 132462)
Deputy Chief, National Security Section
CHRISTOPHER D. GRIGG (Cal. Bar No. 220243)
ALLEN W. CHIU (Cal. Bar No. 240516)
Assistant United States Attorneys
National Security Section
        1300 United States Courthouse
        312 North Spring Street
        Los Angeles, California  90012
        Telephone: (213) 894-4496/5429
        Facsimile: (213) 894-6436
        E-mail: susan.dewitt@usdoj.gov
                christopher.grigg@usdoj.gov
                allen.chiu@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>                v.<br><br>SOHIEL OMAR KABIR, et al.,<br><br>                Defendants. | ED No. CR 12-00092(B)-VAP<br><br>**RESPONSE TO DEFENDANT SOHIEL OMAR KABIR'S EX PARTE APPLICATION FOR ORDER FOR CONTINUANCE OF FOREIGN INTELLIGENCE SURVEILLANCE ACT ("FISA") MOTION DEADLINES** |

### I.    INTRODUCTION

The United States of America, by and through its undersigned counsel, hereby responds to defendant Sohiel Omar Kabir's Ex Parte Application For Order For Continuance Of Foreign Intelligence Surveillance Act ("FISA") Motion Deadlines (Dkt. 195; hereinafter "the Application").  As counsel for

defendant Kabir acknowledges, the deadline for defendants to file relevant motions -- February 3, 2014 -- was set more than three-and-a-half months ago following the status conference held October 9, 2013.  (Decl. of Jeffrey A. Aaron in support of the Application ("Aaron Decl."), ¶ 2.)

Defendant Kabir[1] now claims that he needs more time to prepare his motions in light of an unpublished district court order in an unrelated case in the Northern District of Illinois. (Aaron Decl., ¶ 3.)  On that pretext, defendant seeks to delay the FISA motions deadline and the due dates for oppositions and replies by three weeks.  (Aaron Decl., ¶ 6.)  He also proposes to leave the May 5, 2014 hearing date unchanged (id.), effectively truncating the time in which the Court must review the pleadings and prepare for the hearing.

## II.  ARGUMENT

As a reasonable accommodation, the government informed counsel that it would agree to a one-week continuance of the motion filing date and the opposition deadline.  (Aaron Decl., ¶ 7.)  The government obviously will defer to the Court on calendar management issues.  However, defendant Kabir's request for an additional three weeks is unwarranted.

First, the order at issue in the Northern District of Illinois case, United States v. Daoud, No. 12-CR-00723, attached as an exhibit to the Application ("the Daoud order"), is, on its face, non-binding and has no precedential value.  Moreover, as

---

[1]  As of the time of this filing, no other defendant has joined in the Application or otherwise requested a delay.

the Application acknowledges, the Daoud order is an outlier and inconsistent with rulings in every other case to address the issue since FISA was enacted almost forty years ago.  (Aaron Decl., ¶ 3 (characterizing the Daoud order as a "dramatic break in the practice of thirty-five years").)  In any event, the Application makes clear that counsel has already read and considered the Daoud order (Aaron Decl., ¶ 3) and did so before the current motions deadline.  Accordingly, a three week delay at the expense of the Court's time to prepare for the hearing seems excessive.

Second, defendant Kabir argues that, in Daoud, the defendant's counsel's claimed security clearance "moot[ed] the government's security concerns."  (Aaron Decl., ¶ 3.) Anticipating similar concerns here, counsel argues that he needs additional time to obtain a clearance or associate counsel who possess one (Aaron Decl., ¶ 4).  This argument is contrary to law and thus illusory.

> Legal authorities that have addressed this precise issue have uniformly rejected this argument.  While counsel may have security clearances, classified information may be disclosed only to individuals who both possess the requisite clearance and additionally have a need to know the information at issue.  See Executive Order 13526, §§ 4.1(a) and 6.1(dd); United States v. Sedaghaty, 728 F.3d 885, 908–09 (9th Cir. 2013); United States v. Mejia, 448 F.3d 436, 458 (D.C. Cir. 2006); Baldrawi v. Dept. of Homeland Security, 596 F. Supp. 2d 389, 400 (D.Conn. 2009) (counsel without need to know properly denied access to classified information despite holding a security clearance); United States v. Libby, 429 F. Supp. 2d 18, (D.D.C.), amended, 429 F. Supp. 2d 46 (D.D.C. 2006) (security clearance alone does not justify disclosure because access to classified information is

permitted only upon a showing that there is a "need to know").

United States v. Moalin, No. 10-CR-4246, 2013 WL 6079518 at *9 (S.D. Cal. November 18, 2013) (emphasis added).

"Need-to-know means a determination within the executive branch . . . that a prospective recipient requires access to specific classified information in order to perform or assist in a lawful and authorized governmental function."  Executive Order 13526, § 6.1(dd).  The Daoud order is silent on this requirement and, as the Application implicitly recognizes, no court has ever held that "need to know" includes criminal defense counsels' desire to review FISA applications for the purpose of filing motions.  Even if counsel obtained a clearance specific to this case, counsel would not be entitled or authorized to access FISA applications.  Thus, defendant's request for a three-week continuance seems unnecessary.

Again, the government will defer to the Court as to whether a continuance is appropriate.  If so, the government reiterates its request, first expressed more than a month before the October 9, 2013 status conference (see Exhibit A to the Government's Ex Parte Application For Order Setting Status Conference Regarding Continuance of Trial Date And to Stay Pending Deadlines For Pre-Trial Disclosures filed September 6, 2013; Dkt. 178-1 pp. 9-10), for a minimum of eight weeks from the date the motions are filed to respond.

The government's request rests on the fact that responding to defendants' anticipated motions will require review and preparation of unclassified and classified documents, as well as

declarations from national security-related authorities.  In addition, any responses filed by the government would require consultation and review by several federal agencies, including the Office of the Attorney General; the Office of Intelligence, National Security Division ("NSD") of the Department of Justice; the Counterterrorism Section at NSD; the FBI's Office of the General Counsel; the FBI Counterterrorism Division; and the FBI field office or offices that conducted the FISA-authorized electronic surveillance, physical search, or both.  In the Application, defendant has expressly agreed to preserve the eight-week timeframe.  (Aaron Decl., ¶ 6(B).)

### III. CONCLUSION

Although the government does not oppose a brief continuance of the filing and opposition deadlines, the Court should deny defendant's request for a three-week delay.

Dated:  February 2, 2014        Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

_____/s/_____
SUSAN J. De WITT
CHRISTOPHER D. GRIGG
ALLEN W. CHIU
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA