UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>SOHIEL OMAR KABIR, et al.,<br><br>                    Defendants. | ED No. CR 12-00092(A)-VAP<br><br>PROTECTIVE ORDER PURSUANT TO CIPA § 4 AND FEDERAL RULE OF CRIMINAL PROCEDURE 16(d)(1) |

Upon consideration of the motion by the United States of America, pursuant to Section 4 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3, and Rule 16(d)(1) of the Federal Rules of Criminal Procedure, for a Protective Order authorizing the government to produce an unclassified substitution of arguably discoverable information and to withhold from discovery certain classified material that is not discoverable or relevant and helpful to the defense, the Court finds as follows:

1.    The Court has carefully conduct an <u>ex parte</u> and <u>in camera</u> review of the government's submissions, to include the government's classified CIPA Section 4 motion and memorandum of law, a classified declaration of a U.S. Government official, and certain documents provided to the Court.

2.    The Court finds that the government's submissions were properly filed _ex parte_ and _in camera_, pursuant to CIPA Section 4 and Rule 16(d)(1).

3.    The government has fully complied with any discovery obligations it had with respect to this classified materials, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and their progeny, and the Jencks Act, 18 U.S.C. § 3500.

4.    The government, through an appropriate declarant, has made a sufficient formal claim of privilege over the classified information at issue, and has demonstrated that this information is properly classified.  See United States v. Klimavicius-Viloria, 144 F.3d 1249, 1260 (9th Cir. 1998).

5.    The government's proposed unclassified substitution as amended after the hearing conducted on April 30, 2014 (the "Substitution"), includes all of the arguably relevant and helpful information contained in classified materials.  The classified information that has been omitted from the Substitution is not discoverable and not relevant and helpful to the defendants.  The Substitution provides each defendant with "substantially the same ability to make his defense as would disclosure" of the specific classified information.  18 U.S.C. App. 3, § 6(C)(1); United States v. Sedaghaty, 728 F.3d 885, 905 (9th Cir. 2013).

Accordingly, pursuant to Section 4 of CIPA and Rule 16, IT IS HEREBY ORDERED that:

1.    The government is authorized to produce the unclassified Substitution to the defense in lieu of specific classified information referenced in the government's motion, and to delete from discovery the remaining classified information that is not discoverable or relevant and helpful to the defense.  The government's Substitution is sufficient to address any obligations the government might have to produce the underlying classified materials and information to the defense as this time.  The government's Substitution fairly states the relevant elements of the classified documents.

2.    The government's motion, and the accompanying declaration and exhibits, shall not be disclosed to the defense, and shall be sealed, maintained, and preserved in the records of the Court by the Classified Information Security Officer to be made available in the event of an appeal.

IT IS SO ORDERED.

DATED:  May 13, 2014

_____
THE HONORABLE VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

3