ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
SUSAN J. DE WITT (Cal. Bar No. 132462)
CHRISTOPHER D. GRIGG (Cal. Bar No. 220243)
Deputy Chief, National Security Section
ALLEN W. CHIU (Cal. Bar No. 240516)
Assistant United States Attorneys
National Security Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4496/5429
     Facsimile: (213) 894-6436
     E-mail: susan.dewitt@usdoj.gov
             christopher.grigg@usdoj.gov
             allen.chiu@usdoj.gov

ANNAMARTINE SALICK (N.Y. Bar No. 5076385)
Trial Attorney
United States Department of Justice
Counterterrorism Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED No. CR 12-00092(B)-VAP |
|---|---|
| Plaintiff, | NOTICE OF PROCEDURES FOR HANDLING CLASSIFIED INFORMATION AT PRETRIAL AND TRIAL PROCEEDINGS PURSUANT TO CIPA § 8(c) |
| v. | |
| SOHIEL OMAR KABIR, et al., | |
| Defendants. | Trial Date: August 12, 2014<br>Hearing Time: 9:00 a.m.<br>Place: Courtroom of the Honorable Virginia A. Phillips |

The United States of America, by and through its undersigned counsel, hereby provides notice to the Court and defendants Sohiel Omar Kabir ("Kabir") and Ralph Kenneth Deleon ("Deleon") of its

intent to invoke § 8(c) of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3 at § 8(c), during trial proceedings if necessary.

Dated: August 7, 2014

Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


        /s/
SUSAN J. DE WITT
CHRISTOPHER D. GRIGG
ALLEN W. CHIU

National Security Section
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

ii

## **NOTICE OF CIPA § 8(c) PROCEDURES**

As the Court and defendants are aware, this case originated from a national security investigation of the defendants and their activities and, as a result, involves classified information.  The government provided notice of its intent to utilize the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3, in December 2012 (see Docket Number ("Dkt. No.") 60), and has since filed motions under CIPA § 4 addressing classified information relating to this case.  The government submits that its CIPA litigation is exhaustive and that, at this time, the government does not anticipate there would be any admissible line of inquiry at pretrial or trial proceedings that would call for the disclosure of classified information.  Moreover, since neither defendant has filed notice of its intent to disclose classified information at trial as required under CIPA § 5, the government believes that all or nearly all anticipated issues relating to classified information have been resolved.

In an abundance of caution, however, the government files this CIPA § 8(c) notice to inform the Court and counsel that should the defense, presumably inadvertently, question a witness during a pretrial proceeding or at trial in a manner calling for the disclosure of classified information, the government will object and invoke CIPA § 8(c).  The Court then must "take such suitable action to determine whether the response is admissible as will safeguard against the compromise of any classified information."  18 U.S.C. App. 3 at § 8(c).

///
///

**THE CLASSIFIED INFORMATION PROCEDURES ACT**

Enacted by Congress in 1980, CIPA established procedures for handling classified information during a criminal prosecution.  See 18 U.S.C. App. 3 §§ 1-16.  CIPA "endeavor[s] to harmonize a defendant's right to a fair trial with the government's right to protect classified information."  See United States v. Sedaghaty, 728 F.3d 885, 903 (9th Cir. 2013) (citing United States v. Abu-Jihaad, 630 F.3d 102, 140 (2d Cir. 2010)).  As the Ninth Circuit explained, "[w]hile the government must safeguard classified information in the interest of national security, 'courts must not be remiss in protecting a defendant's right to a full and meaningful presentation of his claim to innocence.'"  Sedaghaty, 728 F.3d at 903 (quoting United States v. Fernandez, 913 F.2d 148, 154 (4th Cir. 1990)).  By its plain terms, CIPA "evidence[s] Congress's intent to protect classified information from unnecessary disclosure at any stage of a criminal trial."  United States v. O'Hara, 301 F.3d 563, 568 (7th Cir. 2002).

CIPA provides district court judges a mechanism "to rule on questions of admissibility involving classified information before introduction of evidence in open court [and] . . . permits the government to ascertain the potential damage to national security of proceeding with a given prosecution before trial."  United States v. Sarkissian, 841 F.2d 959, 965 (9th Cir. 1988) (quoting S. REP. NO. 96-823, at 1 (1980), reprinted in 1980 U.S.C.C.A.N. 4294, 4297). Thus, the majority of CIPA's provisions set forth pretrial procedures to determine the relevance and admissibility of classified information, in order to eliminate surprise and the risk of unanticipated disclosures.

2

**SECTION 8(c)**

CIPA § 8 governs the introduction and protection of classified information at pretrial and trial proceedings.  18 U.S.C. App. 3 at § 8.  CIPA applies equally to classified documents and testimony.  See 18 U.S.C. App. 3 at § 1 (defining "classified information" as "any information or material" determined to be classified by the United States Government pursuant to executive order, statute, or regulation); see also United States v. Abu Ali, 528 F.3d 210, 255 (4th Cir. 2008) (discussing CIPA's application to witness testimony to "ensure classified information remains classified"); United States v. North, 708 F. Supp. 399, 399–400 (D.D.C. 1988) ("[CIPA] applies to classified testimony as well as to classified documents.").  Section 8(c) specifically provides the procedures to address unanticipated inquiries by the defendant into areas of classified information at pretrial or trial proceedings that were not otherwise addressed through CIPA's pretrial mechanisms.  See S. REP. NO. 96–823, at 11 (1980), reprinted in 1980 U.S.C.C.A.N. 4294, 4304.

Section 8(c) governs situations where a defendant, presumably unknowingly, embarks on a line of inquiry calling for the disclosure of classified information.  Pursuant to § 5, a defendant must notify the government if it reasonably anticipates disclosing classified information at pretrial or trial proceedings.  18 U.S.C. App. 3 at § 5; see, e.g., Sarkissian, 841 F.2d 959, 965-66 (9th Cir. 1988); United States v. Baptista-Rodriguez, 17 F.3d 1354, 1363 (11th Cir. 1994).  Following a defendant's § 5 notice, the government may move under § 6 for a determination as to the use, relevance, and admissibility of such classified information, and, under § 7, may consider whether to appeal any adverse § 6 determination.  18 U.S.C.

App. 3 at §§ 6-7.  If the defendant fails to provide the requisite § 5 notice, the Court may preclude disclosure of or inquiry into that area of classified information.  Id. at § 5(b).

However, where a defendant unknowingly inquires into a topic calling for the disclosure of classified information, he or she likely would not have filed a § 5 notice with respect to the information.  In that situation, § 8(c) provides an additional safeguard for the Court to determine whether an unintentional inquiry into classified information should be permitted as relevant and admissible.

Specifically, Section 8(c) provides:

> During the examination of a witness in any criminal proceeding, the United States may object to any question or line of inquiry that may require the witness to disclose classified information not previously found to be admissible.  Following such an objection, the court shall take suitable action to determine whether the response is admissible as will safeguard against the compromise of any classified information.  Such action may include requiring the United States to provide the court a proffer of the witness response to the question or line of inquiry and requiring the defendant to provide the court with a proffer of the nature and information he seeks to elicit.

18 U.S.C. App. 3 at § 8(c).

Upon an objection by the government, the Court must, pursuant to § 8(c), take "suitable action to determine whether the response is admissible as will safeguard against the compromise of any classified information."  Id.  Such "suitable action" may include requiring or granting the government leave to proffer to the Court, ex parte, the anticipated classified testimony.  See United States v. Mohamed, 410 F. Supp. 2d 913, 914-15 (S.D. Cal. 2005) (granting the government's request to provide the court, ex parte, documentation of the classified testimony and related classified document that the

4

defendant's proposed inquiry would reveal); United States v. Marzook, 435 F. Supp. 2d 708, 746 (N.D. Ill. 2006) (same).  The Court may similarly request or afford the defendant the opportunity to submit a proffer, ex parte, explaining the relevance and materiality of the intended line of inquiry.  See Marzook, 435 F. Supp. 2d at 747 (providing defense counsel the opportunity to proffer, ex parte, the "relevance and materiality of this classified information to their case."); see also Mohamed, 410 F. Supp. 2d at 916.

The Court may determine the relevance and admissibility of a proposed line of questioning upon review of the parties' submissions. See Mohamed, 410 F. Supp. 2d at 916 (finding that, after reviewing the ex parte submissions of both the government and the defense, the proposed line of inquiry was found to be not relevant, did not elicit classified information that implicated the government's discovery obligations under Brady v. Maryland, 373 U.S. 83 (1953), Giglio v. United States, 405 U.S. 150 (1972), or Fed. R. Crim. P. 16, and "the probative value . . . [was] outweighed by considerations pursuant to Federal Rule of Evidence 403.").

Alternatively, the Court may elect to hold an ex parte hearing to determine whether a proposed line of inquiry calling for classified examination is relevant and admissible.  In Marzook, the defendant notified its intent to examine two witnesses at a suppression hearing and elicit classified information.  435 F. Supp. 2d at 746–47.  In response, the court held an ex parte hearing, at which the government examined the witnesses and provided classified documents to the court, and the court posed questions to the witnesses in accordance with an ex parte proffer provided by the defendant.  Id. at 747.

5

The court determined that "[h]ere, the 'suitable action' for ensuring Defendant's right to a fair suppression hearing and protecting the classified information at issue was to apply the Section 4 framework to both the testimony and documents at issue." Id. at 746. The court determined that none of the classified testimony or documents related to the defendant's guilt or innocence, nor were they exculpatory. Id. at 746-47. Where the court found that the classified testimony and documents either contained statements of the defendant, or were otherwise relevant to the defendant's suppression argument, it ordered the government to produce a summary of the defendant's statements, and to disclose a statement "admitting [the] relevant facts that the classified information would tend to prove." Id. at 747; see also United States v. LaRouche Campaign, 695 F.Supp. 1282, 1287-88 (D. Mass. 1988) (finding that, as in the § 4 context, where classified information is "not yet in the hands of defendants and their attorney and they are making demands for disclosure," § 8(c) similarly requires the court "to consider whether defendants' rights can be fully protected by an alternative procedure that does not result in disclosure of classified information.").

In taking "suitable action," the Court must ultimately decide whether classified information implicated by the questioning is relevant and admissible. Congress envisioned that district courts, through CIPA, would apply the existing law governing the relevance and admissibility of evidence. See H.R. REP. NO. 96-1436, at 3 (1980) (Conf. Rep.), reprinted in U.S.C.C.A.N. 4307, 4310 ("the conferees agree that . . . nothing in the conference substitute is intended to change the existing standards for determining relevance

6

and admissibility."). The circuit courts that have considered this issue agree that the ordinary rules of evidence determine admissibility under CIPA. See, e.g., United States v. Passaro, 577 F.3d 207, 220 (4th Cir. 2009); United States v. Libby, 453 F. Supp. 2d 35, 39–43 (D.D.C. 2006); United States v. Anderson, 872 F.2d 1508, 1514 (11th Cir. 1989); United States v. Wilson, 750 F.2d 7, 9 (2d Cir. 1984); United States v. Wilson, 732 F.2d 404, 412 (5th Cir. 1984).

Thus, whether the Court is considering the relevance and admissibility of classified information at a pretrial or trail proceeding, pursuant to §§ 5, 6, or 8, the existing rules of relevance and admissibility apply. Of course, not all relevant evidence is admissible, and where the government has a recognized claim of privilege, as in the case of classified information, "[a] district court may order disclosure only when the information is at least essential to the defense, . . . necessary to his defense, and neither merely cumulative nor corroborative . . . nor speculative." United States v. Smith, 780 F.2d 1102, 1110 (4th Cir. 1985) (internal citations omitted).

Lastly, if the court determines that the defendant's proposed line of examination is relevant and that classified information is admissible, having taken "suitable action" pursuant to § 8(c), the government may invoke CIPA § 7, which permits the government to take an interlocutory expedited appeal of a district court's order authorizing the disclosure of classified information, sanctioning the government for nondisclosure, or refusing to issue a protective order sought by the government in order to prevent disclosure of classified information. 18 U.S.C. App. 3 at § 7. If the government appeals,

7

trial shall not commence, or must be adjourned if already commenced, until the appeal is resolved.  Id.

**CONCLUSION**

Consistent with the legal procedures set forth above, should a defendant attempt to elicit classified information from a witness at pretrial or trial proceedings, the government will object.  Pursuant to CIPA § 8(c), the Court should then take suitable action to determine whether the response is relevant and admissible while safeguarding against the disclosure of classified information.

Dated: August 7, 2014            Respectfully submitted,

                                 ANDRÉ BIROTTE JR.
                                 United States Attorney

                                 ROBERT E. DUGDALE
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                     /s/
                                 SUSAN J. DE WITT
                                 CHRISTOPHER D. GRIGG
                                 ALLEN W. CHIU
                                 National Security Section
                                 Assistant United States Attorney

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA