SEAN K. KENNEDY (Cal. Bar. No. 145632)
Federal Public Defender
(E-mail: Sean_Kennedy@fd.org)
JEFFREY A. AARON (Cal. Bar. No. 135625)
Deputy Federal Public Defender
(E-mail: Jeffrey_Aaron@fd.org)
ANGELA C. C. VIRAMONTES (Cal. Bar. No. 228228)
Deputy Federal Public Defender
(E-mail: Angela_Viramontes@fd.org)
MATTHEW B. LARSEN (Cal. Bar. No. 287665)
Deputy Federal Public Defender
(E-mail:  Matthew_Larsen@fd.org)
3801 University Avenue, Suite 700
Riverside, California  92501
Telephone (951) 276-6346
Facsimile (951) 276-6368

Attorneys for Defendant
SOHIEL OMAR KABIR

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 12-cr-92-VAP |
| Plaintiff, | ) | |
| v. | ) | **DEFENDANT KABIR'S MOTION TO EXCLUDE EVIDENCE OF HIS OTHER ACTS** |
| SOHIEL OMAR KABIR, *et al.*, | ) | |
| Defendants. | ) | |

By and through his attorneys of record, Deputy Federal Public Defenders Jeffrey A. Aaron, Angela C. C. Viramontes and Matthew B. Larsen, Defendant Sohiel Omar Kabir hereby moves to exclude evidence of his prior acts other than the two Al-Awlaqi emails the Court has ruled are admissible (Docket 553).

//

//

This motion is based on the accompanying memorandum of points and authorities, the files in this case, and any other information the Court deems relevant.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED: August 11, 2014          By _____ /s/ _____
                                JEFFREY A. AARON
                                ANGELA C. C. VIRAMONTES
                                MATTHEW B. LARSEN
                                Deputy Federal Public Defenders

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Except for the two emails Kabir sent to Anwar Al-Awlaqi, which the Court today ruled are admissible, the Court should exclude all evidence of Kabir's other acts offered to prove his motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Federal Rule of Evidence 404(b)(2) requires the government, upon a defendant's request, to "provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial" and to give such notice "before trial– or during trial if the court, for good cause, excuses lack of pretrial notice."

On March 5, 2013, Kabir asked the government to provide "notice of any evidence of other crimes, wrongs, or acts that the government intends to introduce at trial, pursuant to Federal Rule[] of Evidence 404(b)."  (Exhibit A at 4)

Over a year later, on July 25, 2014, the government provided its notice, indicating that it intended to offer evidence of Kabir authoring two emails to Anwar Al-Awlawqi.  (Docket 493)  No other 404(b) evidence was noticed.

Nonetheless, as reflected by the government's exhibit and witness lists, it plans to offer additional evidence of Kabir's acts to prove his motive, intent, preparation, planning or knowledge with respect to the charged crimes.

This evidence should be excluded.  First, the government failed to provide the requisite 404(b) notice for this material and there is no good cause to excuse its failure: it had, and declined, the opportunity to include the material in its July 25, 2014 notice.  Second, even excusing the government's failure to provide notice, or even if this material does not fall under Rule 404, Rule 403 requires exclusion of the material because its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  Finally, if this evidence is nonetheless deemed admissible, a limiting instruction for the jury is required.

//

# ARGUMENT

**I.    The Government Failed to Give the Requisite Notice for this Material, and There is No Good Cause to Excuse the Government's Failure**

Rule 404(b) governs evidence of a defendant's prior acts offered to prove the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. "[T]his rule applies to all 'other acts,' not just bad acts. Thus, despite the fact that there is nothing intrinsically improper about [particular prior acts], they are nonetheless subject to 404(b)." *United States v. Vega*, 188 F.3d 1150, 1154 (9th Cir. 1999).

In *Vega*, the government provided no 404(b) notice but then offered, at trial, evidence of the defendant's prior acts– specifically, her prior border crossings and bank deposits. The prosecutor argued: "I am going to argue that the jury is entitled to infer that this fifth episode is part of a common scheme or plan, the way she does business. I am going to tell them she is not on trial for the four events, they are entitled to consider them as relevant on her knowledge in this case." *Id*. The Ninth Circuit held the "evidence of Vega's prior border crossings and bank deposits is 'other acts' evidence subject to the provisions of Rule 404(b)." *Id*.

The same is true here as to the evidence of Kabir's other acts for which the government has provided no 404(b) notice. The government has indicated at pretrial conferences and in its exhibit and witness lists that these other acts – including Kabir's postings on Facebook, "liking" other people's statements, linking to and/or displaying videos, graphics, speeches by third parties, photographs, etc. – are evidence of Kabir's motive, intent, preparation, planning or knowledge with respect to the charged crimes. This is no different than the prosecutor in *Vega* arguing that Vega's prior acts were evidence of her planning and  knowledge. As in *Vega*, the other acts here are subject to Rule 404 and its notice requirement.

"Pretrial notice, or an excuse from the district court for failing to give notice, is a condition to the admission of other acts evidence." *Vega*, 188 F.3d at 1155.  Given

2

the government's failure to provide notice in *Vega* of the defendant's "other acts," the Ninth Circuit's ruling was straightforward: "[T]he government was not entitled to introduce evidence of Vega's prior border crossings and bank deposits because it did not comply with the notice requirements of Rule 404(b).  Therefore, the trial court abused its discretion in admitting evidence of Vega's prior border crossings and bank deposits." *Id*.

Here, the government gave no pretrial notice as to anything but the two Al-Awlaqi emails.  And it has no "good cause," Rule 404(b)(2)(B), for failing to do so, or for proffering a belated notice now: it had, and declined, the chance to include the additional material in the pretrial 404(b) notice it gave on July 25, 2014.

Where the defense requests 404(b) notice, the government offers evidence not noticed, and there is no good cause to excuse the lack of notice, then "the prosecution is not entitled to introduce this 'other acts' evidence at trial." *Vega*, 188 F.3d at 1155.

Because *Vega* controls here, the additional evidence of Kabir's other acts offered to show his motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident should be excluded.

**II.   Even if There Were Good Cause to Excuse the Lack of Notice, or Even if this Material Did Not Fall Under Rule 404, Rule 403 Requires Exclusion**

Admissible evidence should be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Rule 403.  The Ninth Circuit has "consistently emphasized that probative value must always be balanced against unfair prejudice as required by Fed. R. Evid. 403." *United States v. Brooke*, 4 F.3d 1480, 1483 n.2 (9th Cir. 1993).

"The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).  "So, the Committee Notes to Rule 403 explain,

3

"'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id*.

That danger is very real here. The word "terrorism" strikes an emotional chord in many people, as evidenced by a number of the completed jury questionnaires in this case. Added to the already emotionally-charged nature of this prosecution is the fact that much of the Facebook and media evidence reflects anti-American views that some or all of the jurors may find deeply offensive. The danger that the jury will assume these views are Kabir's – and convict him for having them, even if the government does not prove guilt beyond a reasonable doubt – is very real.

There is no need to risk such an unconstitutional conviction: the government has, and will offer, recordings of the defendants speaking to each other and/or to the government's informant. The government will also offer evidence from the two defendants who pleaded guilty, Santana and Gojali. This evidence – in effect, the defendants' own words concerning their alleged plans – will not run the same risk of an unlawful conviction as would evidence that Kabir posted or "liked" material that will inflame the jury and confuse the issues by inviting a conviction based on Kabir's purported views rather than his actual conduct. *Cf. United States v. Higuera-Llamos,* 574 F.3d 1206, 1209-1210 (9th Cir. 2009) ("We held [in *United States v. Bejar-Matrecios*, 618 F.2d 81 (9th Cir. 1980)] that there was a substantial possibility that the jury may have mistaken the admission of the guilty plea [to a prior offense] as evidence of the defendant's criminal disposition. Further, the government had introduced seven documents from the defendant's earlier deportation that 'would strongly tend to prove that he was an alien,'" thus making introduction of the guilty plea, which was offered to prove alienage, unnecessary) (page citations omitted).

"We ought to be wary when the government wants to use what people read against them." *United States v. Curtin*, 489 F.3d 935, 959 (9th Cir. 2007) (en banc) (Kleinfeld, J., concurring, joined by Pregerson, Kozinski, Thomas, Berzon, JJ.). The defendant in *Curtin*, charged with crossing state lines to have sex with minors, "had a

4

First Amendment right to possess and read the disgusting stories he downloaded from the internet." *Id*. at 960.  That was no defense to the charges, but it informed the careful balancing Rule 403 required when the government offered the stories in the defendant's possession as proof of his criminal intent: the "trial court should have managed the admission of evidence so as to allow the government to prove Curtin's intent and purpose, but protect him from being convicted for his execrable taste in reading material and repulsive fantasies." *Id*.

The trial court erred by making a Rule 403 determination without reading all of the stories the government offered against Curtain.  The en banc majority held the trial judge was "required to have read every word of these stories when exercising its balancing discretion pursuant to Rule 403." *Id*. at 957 (maj. op.).  "I agree with the majority that Federal Rule of Evidence 403 requires reversal . . . .  The district court erred in purporting to exercise its discretion to decide whether the stories were unfairly prejudicial without reading them." *Id*. at 963 (Kleinfeld, J., concurring).

Thus, if the Court has any question as to the propriety of admitting any of the various pieces of evidence concerning Kabir's Facebook and media activity – or has not had the opportunity to review all of that evidence – it should defer ruling and examine each piece of evidence on a case-by-case basis as the government offers it.

**III.    If Nothing Else, a Limiting Instruction Should be Given**

"[W]here evidence pertaining to another crime is introduced for the purpose of showing the general intent of defendant in committing the offense charged, the jury should be instructed as to the limited probative effect of the testimony admitted." *United States v. Minyard*, 461 F.2d 931, 934 (9th Cir. 1972) (citations omitted).

If any of the material at issue here is admitted, the Court should instruct the jury as follows:

You are about to hear evidence concerning the alleged opinions or views of the defendants.  I want to make clear, however, that Mr. Kabir and Mr. Deleon are

not on trial for their opinions or views. Everyone in the United States has the right to express any opinion or view, including those that others find offensive. An opinion or view can never be the reason for a criminal conviction. Therefore, you may consider the following evidence for the limited purpose of deciding if it shows a presence or absence of intent to actually commit the crimes charged in the indictment. As with other evidence, you may accept or reject this evidence in whole or in part. Whatever you decide, you may not convict the defendants because of their opinions or views.

Kabir respectfully reserves the right to propose, after the close of evidence, an additional instruction on this topic to be given before the jury begins deliberations.

### **CONCLUSION**

Given the government's failure to provide the requisite Rule 404(b) notice, the Court should exclude the additional evidence of Kabir's other acts. If the Court excuses the failure to provide notice, or finds the evidence does not fall under Rule 404(b), it should exclude the evidence pursuant to Rule 403 at this time or rule item-by-item as the evidence is proffered during trial. If the Court admits all the evidence, it should give the limiting instruction above before the evidence is heard, and another instruction before the jury begins deliberations.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED: August 11, 2014          By_____/s/_____
                                JEFFREY A. AARON
                                ANGELA C. C. VIRAMONTES
                                MATTHEW B. LARSEN
                                Deputy Federal Public Defenders

6