STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
SUSAN J. DE WITT (Cal. Bar No. 132462)
CHRISTOPHER D. GRIGG (Cal. Bar No. 220243)
Deputy Chief, National Security Section
ALLEN W. CHIU (Cal. Bar No. 240516)
Assistant United States Attorneys
National Security Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4496/5429
    Facsimile: (213) 894-6436
    E-mail: susan.dewitt@usdoj.gov
            christopher.grigg@usdoj.gov
            allen.chiu@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED No. CR 12-00092(B)-VAP |
|---|---|
|         Plaintiff,<br><br>      v.<br><br>SOHIEL OMAR KABIR, et al.,<br><br>        Defendants. | GOVERNMENT'S OPPOSITION TO DEFENDANT SOHIEL OMAR KABIR'S MOTION TO EXCLUDE EVIDENCE OF HIS OTHER ACTS<br><br><br>Trial Date: August 12, 2014<br>Hearing Time: 9:00 a.m.<br>Place: Courtroom of the Honorable Virginia A. Phillips |

    The United States of America, by and through its undersigned counsel of record, hereby files its Opposition to defendant Sohiel Omar Kabir's Motion to Exclude Evidence of His Other Acts.

///

///

This Opposition is based on the attached memorandum of points and authorities, the files and records in this case, and any further evidence or argument the Court may allow.

Dated: August 12, 2014             Respectfully submitted,

                                   STEPHANIE YONEKURA
                                   Acting United States Attorney

                                   ROBERT E. DUGDALE
                                   Assistant United States Attorney
                                   Chief, Criminal Division


                                        /s/
                                   _____
                                   SUSAN J. De WITT
                                   CHRISTOPHER D. GRIGG
                                   ALLEN W. CHIU

                                   National Security Section
                                   Assistant United States Attorneys

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.   INTRODUCTION**

On the literal eve of trial, defendant Sohiel Omar Kabir ("Kabir") has filed a motion ("Motion" or "Mot.") seeking to exclude evidence of his "prior acts other than the two Al-Awlaqi emails the Court has ruled are admissible (Docket "Dkt." No. 553)."  (Notice of Mot. at 1.)  Specifically, Kabir seeks to exclude evidence of his extensive online activities consisting of social media activities and communications with his co-conspirators during the course of the conduct charged in the Second Superseding Indictment, which alleges conspiracies beginning in approximately August of 2010 and ending on or about November 16, 2012.  Kabir argues that evidence of his online communications and activities should be excluded because the government did not provide notice of the evidence under Rule 404(b) of the Federal Rules of Evidence.  (Mot. at 1-3.)  Alternatively, Kabir argues that the evidence should be excluded under Rule 403 (<u>id.</u> at 1, 3-5) and that if the evidence is admitted, the Court should give a limiting instruction (<u>id.</u> at 1, 5-6).[1]

Kabir's Motion should be denied for the following reasons.

**II.   ARGUMENT**

    **A.   Kabir's online actions and communications with his co-conspirators during the course of the charged conspiracies are not extrinsic acts within the meaning of Rule 404(b)**

The evidence Kabir now attacks is not subject to Rule 404(b)

---

[1] The caption page of Kabir's notice does not list a hearing date or time.  Nonetheless, because the Court's ruling on the Motion may affect the parties' opening statements, the government submits this brief opposition despite the late hour and the untimeliness of Kabir's Motion.  To the extent that the Court is not inclined to deny the Motion immediately, the government may request leave to file a more fulsome response.

1

because it is intrinsic to the charged offenses and thus not evidence of "other" acts.

Rather, the evidence consists of Kabir's extensive online activities and communications with the co-conspirators during the course and in furtherance of the charged conspiracies.  The evidence at trial will show that Kabir and his co-conspirators stayed in frequent and regular communication using the Internet, including by disseminating material to each other, including by posting on their social media pages, directing each other to view them, and providing Internet links to access and download copies for themselves.  Such evidence includes the co-conspirators "likes" and "shares" and other efforts to disseminate such material.  The evidence will also show that Kabir and his co-conspirators discussed such media in direct online communications with each other, including by exchanging messages and emails.  Kabir offers no authority whatsoever for the notion that a defendant's actions and communications with his co-conspirators during the course of charged conspiracies – evidence demonstrating in part both the existence and nature of the alleged criminal agreements - may be excluded under the Rule 404(b).

The case on which Kabir relies, United States v. Vega, 188 F.3d 1150 (9th Cir. 1999), is inapposite.  The defendant in Vega was charged with smuggling drugs into the United States on a specific date in 1997.  Id. at 1152.  At trial, the government sought to admit evidence relating to the defendant's unrelated border crossings on earlier dates.  Id. at 1153.  Thus, unlike here, the prior acts at issue in Vega were entirely extrinsic to the specific charged offense and the notice requirement of Rule 404(b) applied.  See id. at 1154.

By its very nature, Rule 404(b) "does not extend to evidence of

2

acts which are 'intrinsic' to the charged offense." Fed. R. Evid. 404, Adv. Comm. Notes, 1991 Amendments (citing United States v. Williams, 900 F.2d 823 (5th Cir. 1990). Accordingly, Kabir's argument fails.

> **B. Kabir long ago received notice that his online activities would be admitted at trial, including in the government's extensive preliminary exhibit list filed in April 2014**

Even if Rule 404(b) applied here, which it does not, Kabir has been on notice since his initial appearance on the Criminal Complaint in this case that the evidence proving his guilt consists in part of his extensive online activities and communications and those of his co-conspirators. Moreover, Kabir has received additional notice since then, most significantly on April 21, 2014 when the government filed its preliminary exhibit list for trial, which itemized in great detail the social media evidence in this case, including no less than 116 exhibits consisting of Kabir's social media communications, including his Facebook posts and activities and other communications with his co-conspirators. (See Government's Preliminary Exhibit List, Docket No. 267, Exhibits 162-278 at pp. 17-27.) Under Rule 404(b), "no specific form of notice is required." Fed. R. Evid. 404, Adv. Comm. Notes, 1991 Amendments. Whatever the minimal standard of specificity needed to satisfy the notice requirement is, a detailed, 10-page list of more than 100 itemized exhibits far exceeds that standard. Kabir, however, simply ignores this fact. Thus, his argument that he lacked notice lacks merit and borders on the frivolous.

Indeed, his argument is belied by his own previous filings in this case, including a motion (Kabir's Motion to Exclude Bad Character and Inappropriate Impeachment Evidence, Dkt. No. 397) that

3

the Court described as seeking "to exclude evidence of the 'huge amount of material' that he admits he "listened [to], viewed, disseminated, 'liked,' and posted . . . from the radical media." (Min. Order dated Jul. 1, 2014, Dkt. No. 404 at 3 (quoting Kabir's motion).[2]  The Court denied Kabir's motion and has already ruled that such evidence is relevant in this case (id.).  Kabir offers nothing new here.

Accordingly, although Rule 404(b) does not apply to the evidence addressed in Kabir's Motion, even if it did, the Court should deny the Motion because Kabir long ago received notice in a form that far exceeds the Rule's requirements.

**C.    Kabir has not shown that any evidence is inadmissible under Rule 403**

For months, Kabir has possessed the government's preliminary exhibit list itemizing the social media evidence against him.  More recently, Kabir received the government's final exhibit list. (See Dkt. No. 535.)  Yet, although Kabir argues that the Court should exclude the social media evidence wholesale under Rule 403, he fails to specify any particular item or items of evidence that he argues violates the Rule.  Instead, Kabir merely argues generally that "the word 'terrorism' strikes an emotional chord" and that "much of the Facebook and media evidence reflects anti-American views" that might be offensive.  (Mot. at 4.)

The Court, however, has already ruled that "[i]nsofar as the

---

[2] Relatedly, because Kabir plainly received far more than generalized notice that his online actions and communications with his co-conspirators would be used at trial, and because he previously filed a motion addressing such evidence, his current Motion is untimely because he failed to file it in sufficient time to be heard by the pre-trial conference as the Court required.

4

Motion seeks to exclude all such evidence, it is DENIED" and that "[e]vidence that Defendant Kabir disseminated information or videos from radical Islamic social media sites, for example, is relevant to the intent element in the charges contained in the Second Superseding Indictment." (See Min. Order dated July 1, 2014 at 3 (emphasis original).)

As noted above, evidence of Kabir's and his co-conspirators' social media activities, including their communications with each other, demonstrate in part both the existence and nature of the alleged criminal agreements, including not only their intent to provide material support and to engage in combat but also their focus on combat against the West and Americans.  Such proof is therefore highly probative, particularly given Kabir's arguments during pretrial litigation that he did not agree or intend to agree to any of the charged conspiracies.  In the Motion, Kabir appears to concede that the social media evidence is relevant as he does not argue otherwise.

Given Kabir's generalized arguments, however, he has failed to demonstrate that the probative value of any item or items of evidence is outweighed, let alone substantially outweighed, by the danger of unfair prejudice.  Accordingly, the Court should again deny his Motion to exclude the social media evidence wholesale.

**D.    To the extent that Kabir argues that the social media evidence implicates his religious or political beliefs, the government would not object to an appropriate limiting instruction**

In his Motion, Kabir argues that, in the event that the social media evidence is admitted, the Court should give a limiting instruction.  (Mot. at 5-6.)  The government does not necessarily

disagree.

During the pretrial conference, the parties and the Court discussed the issue of Kabir's religion and political beliefs.  The government's recollection is that the Court was inclined to issue a limiting instruction addressing that issue and that the only unresolved question was when the Court would do so.  The government's recollection is that the Court would consider given the instruction in relation to Evan Kohlmann's testimony.

Although the present Motion does not make the point expressly, to the extent that Kabir now argues that the social media implicates his religious or political beliefs, the government would not object if the Court gave an appropriate limiting instruction.  However, for the jury's sanity (not to mention the length of trial), such an instruction should not be given as each individual exhibit is admitted.

A better approach would be to give such an instruction once immediately before the start of the media evidence informing the jury that they are about to hear evidence that may implicate the defendants' and co-conspirators' religious beliefs and directing the jury to consider such evidence for specific purposes.  At the conclusion of the case, the Court could issue an instruction reminding the jury that certain evidence may have been admitted for limited purposes.

Although the government would not necessarily object to an appropriate instruction, the government does object to the language Kabir proposes in the Motion.  (See id.)  Specifically, Kabir's proposed instruction uses the vague word "views" and fails to sufficiently clarify that the defendants are not on trial for their

religious or political beliefs.  Relatedly, the government specifically objects to the sentence "An opinion or view can never be the reason for a criminal conviction[,]" because, to the extent that an "opinion" or "view" is in fact relevant to an element of the offense such as intent, the sentence in an inaccurate statement of law.  Advising the jury that an "opinion" or "view" can be considered for specific purposes when deciding guilt is the very purpose of the limiting instruction itself.  Furthermore, the sentence is unnecessary and may cause confusion because the following sentence specifically informs the jury that they may consider the evidence as proof of intent.  If the Court is inclined to give a limiting instruction, it should delete the sentence entirely.

**III. CONCLUSION**

For the foregoing reasons, the Court should deny the Motion.

Dated: August 12, 2014                    Respectfully submitted,

STEPHANIE YONEKURA
Acting United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


        /s/
SUSAN J. De WITT
CHRISTOPHER D. GRIGG
ALLEN W. CHIU
National Security Section
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

7